Wayne **KENNEDY** et al., Plaintiffs,

v.

Phillip **SANCHEZ** et al., Defendants.

No. 72 C 771.

United States District Court,
N. D. Illinois, E. D.

Oct. 24, 1972.

Charles J. Barnhill, Jr., Katz & Friedman, Chicago, Ill., for plaintiffs.

## MEMORANDUM OPINION

Before CUMMINGS, Circuit Judge, and McLAREN and TONE, District Judges.

McLAREN, District Judge.

Kennedy, a non-probationary federal employee in the competitive service, was discharged from his position as field representative with the Chicago branch of the Office of Economic Opportunity (hereinafter "OEO") in March 1972. He then commenced this action on behalf of himself and all others similarly situated for declaratory and injunctive relief on the grounds that the discharge

procedure and standards which were followed denied him and his class due process of law, and infringed their rights to freedom of speech.

On April 28, 1972, Kennedy's motion for a temporary restraining order was denied; Count II of the complaint was dismissed for lack of jurisdiction; and Count I was held to present questions of sufficient consequence to require the convening of this three-judge court. Thereafter, Count II was amended by plaintiff and, as amended, was submitted along with Count I to this three-judge court.

The case is now before this Court on cross motions for summary judgment, plaintiff's alternative motion for a preliminary injunction, and on defendants' motions to dismiss for failure to state a claim upon which relief may be granted, and for failure to exhaust administrative remedies.

## I.

Count I claims that the procedure by which Kennedy's employment was terminated deprives him and his class (which has not been determined) of due process under the Fifth Amendment by its failure to provide a full evidentiary hearing *prior* to termination, with the right to be heard by an impartial hearing officer; the right to present witnesses; the right to confront and cross-examine adverse witnesses; and the right to a written decision indicating the reasons for discharge or suspension and the evidence relied upon. This Court agrees.

The challenged discharge procedure is controlled by 5 U.S.C. §§ 7501 and 7701; Exec. Order No. 11,491, 3 C.F.R. 1966–70 Comp. 861, 864 (§ 22); Exec. Order No. 10,987, 3 C.F.R. 1959–63 Comp. 519; Civil Serv. Comm'n Reg., 5 C.F.R. §§ 752.101–402, 777.101–226, and 772.-301–308; OEO Instruction 771–2, and Chapter 752 of the Federal Personnel Manual. Briefly, these rules provide that a *notice of proposed adverse action* shall be given to the employee not less than thirty days prior to the proposed removal. The employee may then respond orally or by filing a written argument with his agency, with affidavits, and he may examine the evidence upon which the proposed action is based. A written decision is then given by the official who initiated the removal proceedings and, if the employee is to be terminated, he is notified of his appeal rights. An OEO employee may appeal his termination either to the local deputy director of OEO or to the Civil Service Commission, where he is afforded a full evidentiary hearing. During the pendency of an appeal, the terminated employee receives no pay and does not continue in active service. Kennedy does not dispute that this procedure has been made available to him.

■ The government cites Cafeteria & Restaurant Workers Union, Local 473 v. McElroy, 367 U.S. 886, 896–897, 81 S. Ct. 1743, 6 L.Ed.2d 1230 (1961), for the rule that government employment may be revoked summarily at the will of the appointing officer. The continuing vitality of this rule is seriously in question today owing to recent Supreme Court decisions in the due process area. For example, in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 2000 n. 23, 32 L.Ed.2d 556, the Court stated in dictum:

> "In cases involving deprivation of other interests, such as government employment, the Court similarly has required an unusually important governmental need to outweigh the right to a prior hearing. See, *e. g.,* Cafeteria and Restaurant Workers v. McElroy. . . ."

In discussing and outlining the requirement of a prior hearing before termination of other interests, the Court has referred to Cafeteria & Rest. Workers as an exceptional situation owing to the involvement there of the government's interest in national security. Boddie v. Connecticut, 401 U.S. 371, 379 n. 6, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971); Goldberg v. Kelly, 397 U.S. 254, 264 n. 10, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The clear implication is that absent such a

specialized interest, a prior hearing must be afforded before government employees may be discharged. Of course, not all such persons have a sufficient "property" interest in continued employment to come within the protection of the due process guarantees. See Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). But, because Kennedy is in the competitive service and could therefore be removed or suspended without pay "only for such cause as will promote the efficiency of the service," 5 U.S.C. § 7501(a), his interest was clearly within those protections. *Id.* at 2699–2700. Kennedy was therefore entitled to a hearing prior to his discharge. See Ricucci v. United States, 425 F.2d 1252, 1256–1257, 192 Ct.Cl. 1 (1970) (Skelton, J., concurring).

The question therefore becomes one of whether the pre-termination procedure available to individuals in the competitive service—which procedure was used in Kennedy's case—satisfies the requirements of due process.

■ The concept of due process is flexible. The procedural safeguards called for depend upon a balancing of the governmental and private interests involved. The government's interest is in maintaining efficiency through the prompt removal or suspension of employees who presently contribute to inefficiency because of their past conduct. The employee's interest is in avoiding unwarranted dismissal or suspension "for cause" when it is not warranted by the facts. In Morrissey v. Brewer, 408

U.S. 471, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972), dealing with parole revocation, and Goldberg v. Kelly, 397 U.S. 254, 267–271, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970), dealing with the termination of welfare benefits, the Supreme Court listed the "elementary" requirements of due process. These were only partly met in the instant case. As Section 7501 requires, the notice of the proposed action, and of the charges upon which it was based, was given. There was no provision, however, for the decision on removal or suspension to be made by an impartial agency official,[1] or for Kennedy (by his own means) to present witnesses; or for his right to confront adverse witnesses. These rights are basic to a fair and effective hearing and must be provided if the employee's interest is to be adequately protected.

The present rules for OEO employees allow thirty days to respond to a notice of proposed adverse action. Informal hearings can be held within that period, thereby causing no delay to the government. We also note that other federal agencies already hold such hearings.[2]

Accordingly, we hold 5 U.S.C. § 7501 and related regulations to be unconstitutional insofar as they authorize the removal or suspension without pay of federal employees in the competitive service without a prior hearing in which the minimal procedural requirements outlined above are observed.[3] There being no genuine question as to any material issue of fact, summary judgment will be

---

1. Because the agency decision is only tentative and the employee has the right to a full evidentiary hearing in his appeal, an official in the same department or agency other than the one who initiates the proceeding may well be sufficiently impartial to satisfy the requirements of due process. Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972) ; Lucas v. Wisconsin Elec. Power Co., 466 F.2d 638 (7th Cir. 1972).

2. See Personnel Manual, Department of Health, Education and Welfare, chs. 752, 771 ; The Justice Department Adverse

Action Hearing, Appeals, and Grievance Policy, Reg. 1771.1.

3. This is not to say that the government may not provide for dismissal or suspension without following all of these requirements in narrowly circumscribed circumstances where the government interest in immediate action is especially intense, such as in Cafeteria & Rest. Workers, *supra.* See also Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 2000 n. 23, 32 L.Ed.2d 556 (1972) ; Goldberg v. Kelly, 397 U.S. 254, 263 n. 10, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

entered in favor of plaintiff Kennedy as to Count I. Defendants are ordered to reinstate Kennedy to his former position with back pay. If further removal proceedings are initiated, the agency shall afford him the opportunity for a hearing consistent with this opinion within a reasonable time prior to any subsequent removal.

The parties are ordered to brief the issue of class membership in strict compliance with Local General Rule 13(a), with due dates to be computed from the date of this opinion.

## II.

█ Count II alleges that § 7501(a) and related regulations are unconstitutional on their face inasmuch as they chill the First Amendment rights of freedom of speech of OEO employees due to their vagueness and overbreadth. Section 7501(a) authorizes removal and suspension without pay "for such cause as will promote the efficiency of the service." The government cites 5 C.F.R. § 752.104(a) and 45 C.F.R. § 1015.735–1 as providing specificity, but these regulations do not clarify the statutory language; they merely repeat the statutory language, state the purpose of the OEO regulations of employee conduct, and cite examples which are inapplicable to the behavior which resulted in Kennedy's termination.

The issue, therefore, is whether "such cause as will promote the efficiency of the service" is sufficiently specific to justify the removal or suspension without pay of employees for making public statements critical of their superiors. We hold that it is not. The Supreme Court has often emphasized that standards of permissible statutory vagueness are strict in the area of free expression. Keyishian v. Board of Regents, 385 U.S. 589, 604, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967). Because employees faced with the standard of "such cause as will promote the efficiency of the service" can only guess as to what utterances may cost them their jobs, there can be little question that they will be deterred from exercising their First Amendment rights to the fullest extent.

This broad standard is therefore invalid.

This is not to say that the government may not attempt to regulate its employees' speech at all. In fact, the charges in Verduin's notice of proposed adverse action against Kennedy fairly specify that speech which could be the basis of disciplinary action without infringing upon First Amendment rights under Pickering v. Board of Education, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). It is because Kennedy and other federal employees in the competitive service are not specifically notified of such limits on their speech by § 7501 and 5 C.F.R. § 752.104 that the defendants' construction of the statute and rules is unconstitutional.[4] Accordingly, we hold § 7501 and the related rules unconstitutional on their face insofar as they are construed to regulate the speech of competitive service employees and enjoin their further enforcement as so construed. This decision does not, of course, affect the validity of agency regulations which, unlike those challenged here, define the conduct proscribed in unambiguous terms.

It is so ordered.

4. See Linwood v. Board of Educ., 463 F.2d 763, 767 (7th Cir. 1972); Whitfield v. Simpson, 312 F.Supp. 889, 897–899 (E.D. Ill. 1970) (Cummings, J., dissenting).