Duane **LARKIN**, M. D., Plaintiff,

v.

Harold **WITHROW**, D.O., et al.,
Defendants.

No. 73-C-360.

United States District Court,
E. D. Wisconsin.

Oct. 1, 1973.

Samson, Friebert, Sutton & Finerty by Robert H. Friebert, Milwaukee, Wis., for plaintiff.

Robert W. Warren, Atty. Gen. of Wisconsin by LeRoy L. Dalton, Madison Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff, a licensed physician who performs abortions in this state, brought this action against the members of the state medical examining board for injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

The complaint alleged that an investigative hearing had been initiated concerning Dr. Larkin, but that the notice thereof failed to disclose any specific allegations of misconduct. It was further alleged, upon information and belief, that the investigation was launched in order to punish the plaintiff for performing abortions.

A motion for a temporary restraining order, filed with the complaint, was denied. I concluded that the plaintiff's complaint was insufficient to justify interference with the examining board's attempt to perform its statutory investigative duty. The plaintiff was given the opportunity, however, to submit memoranda with respect to his motion for a preliminary injunction.

Following a motion to dismiss filed by the defendants, the plaintiff amended his complaint to challenge the constitutionality of the statutes authorizing the examining board to act. A request to convene a three-judge court and a motion for a temporary restraining order or preliminary injunction were also filed. The defendants amended their motion to dismiss so as to make it applicable to the amended complaint.

The plaintiff's motion for a temporary restraining order was again denied. Although I believed then, as I do now, that there is a serious question as to the validity of legislation which allows an examining board both to rule on *and* to punish for charges evolving from its own investigation, that question was not presented at that time. The challenge was only to the activity then being engaged in by the board, which was investigation.

Again, however, the plaintiff was given the opportunity to submit authorities in support of his position, and the defendants were allowed to brief the motion to dismiss. It was anticipated that the arguments presented by the parties would also be helpful toward resolving the question of whether a three-judge court was required.

Since that time, the status of this action has changed radically. The board is no longer engaged in an investigative proceeding, for it has notified the plaintiff that it has scheduled a "contested hearing" at which it will determine whether his license should be temporarily suspended. The board's current action makes all allegations of the plaintiff's amended complaint germane. The positions of the parties can no longer be assessed in terms of a limited challenge involving only investigative proceedings; the board's present action calls into play all challenges to the statutory scheme as detailed in the plaintiff's complaint.

The first inquiry must be whether to request the convening of a three-judge court. Literature, Inc. v. Quinn, 482 F.2d 372 (1st Cir., decided July 26, 1973). That inquiry is limited to "whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute." Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962). Since the same issues are involved, that inquiry should also resolve a motion to dismiss.

The prayer of the amended complaint seeks a declaration of unconstitutionality of sections 448.17 and 448.18 of the Wisconsin statutes. It also seeks injunctive relief with respect to those statutes. Clearly a formal basis for equitable relief is stated, and the case comes within the requirements of 28 U.S.C. § 2281 et seq. The question then is whether the constitutional claim is substantial.

Procedural due process provisions are required in instances where a

person stands to see significant interference with his property rights or his liberty. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Interference with a physician's ability to practice his profession would surely qualify as an interference with a property right. It is certainly "a sufficiently direct threat of personal detriment". Doe v. Bolton, 410 U.S. 179, 188, 93 S.Ct. 739, 745, 35 L.Ed.2d 201 (1973). Suspension of his license to practice medicine, as the result of charges of improper conduct, presumptively has a serious adverse effect on the physician's reputation. Thus, it is clear that the plaintiff's liberty is also at stake. 408 U.S. at 573, 92 S.Ct. 2701. "There is little doubt but that a person's interest in his reputation is sufficient to trigger procedural due process protection". Suarez v. Weaver, 484 F.2d 678 (7th Cir., decided September 14, 1973). *See also* Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); and Wieman v. Updegraff, 344 U.S. 183, 73 S.Ct. 215, 97 L.Ed. 216 (1952).

The issue then becomes narrowed to whether an arguably meritorious question exists with respect to whether the provisions of sections 448.17 and 448.18 of the Wisconsin statutes satisfy due process requirements.

Section 448.17 gives the board authority to "investigate, hear and act upon practices by persons licensed to practice medicine and surgery. . . ." It also provides that the board, following investigation, may warn, reprimand, or institute criminal or revocation proceedings. Section 448.18 concerns the procedures for revocation of a physician's license. Although revocation, like a criminal proceeding, can only be accomplished through an action prosecuted by a district attorney, temporary suspension may be ordered by the board itself. Section 448.18(7) provides that a physician's license may be suspended, for up to two consecutive three-month periods, "without formal proceedings . . . where he is known or the examining board has good cause to believe" that he has violated another subsection of the statute defining proscribed conduct.

In several cases involving hearings required by due process, the Supreme Court has delved into the area of minimal requirements. In Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the court reaffirmed the principle of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that one of the minimum elements of such hearings is "an independent decisionmaker". 411 U.S. at 786, 93 S.Ct. 1756. Under chapters 447 and 448, it appears that the examining board is authorized not only to investigate physicians and present charges, but to rule on those charges and impose punishment, at least to the extent of reprimanding or temporarily suspending. The latter sanction is the one now threatening the plaintiff, and, since it may occur without the intervention of an independent neutral and detached decisionmaker, I find that the plaintiff has raised at least one substantial constitutional question. Other issues are also presented; however, only one such issue need be assessed as not insubstantial in order to warrant invocation of a three-judge court. Thus, I do not reach the plaintiff's other challenges.

The defendants suggest that there is no real problem presented here, because any action taken by the board is subject to review pursuant to chapter 227 of the Wisconsin statutes. It should be noted, however, that the plaintiff is challenging the propriety of the board's statutory authority; review statutes deal only with the propriety of the *exercise* of authority. Furthermore, the defendants' argument really presents an issue of abstention, and the resolution of that matter, at least on the facts of this case, should await determination by the three-judge court. See Goosby v. Osser, 409 U.S. 512, 522–523, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973); Literature, Inc. v. Quinn, 482 F.2d 372 (1st Cir., decided July 26, 1973).

I conclude, therefore, that the plaintiff's motion to request the convening of a three-judge court should be granted. The request will be forwarded to the chief judge of this circuit upon filing of this decision and order. It follows that the motion to dismiss will be denied.

Since I am requesting a three-judge court, resolution of the plaintiff's motion for a preliminary injunction should be made by the panel. The plaintiff has renewed his motion for a temporary restraining order, and such motion will now be granted. The motion seeks to enjoin the defendants from proceeding with the contested hearing and from attempting temporarily to suspend the plaintiff's license pursuant to section 448.18(7). I believe that the likelihood of success of the plaintiff's challenge and the threat of irreparable harm flowing from suspension, coupled with the lack of prejudice to the defendants, justify preserving the status quo until the three-judge court is prepared to act.