**Phillip S. WOOD, Plaintiff,**

v.

**UNITED STATES POST OFFICE DEPARTMENT et al., Defendants.**

**No. 71 C 1374.**

United States District Court, N. D. Illinois, E. D.

Nov. 27, 1973.

**1372**

Leonard Karlin, Chicago, Ill., for plaintiff.

Solomon I. Hirsh, Regional Labor Council, U. S. P. Service, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

This is a civil action brought by a former postal employee, Phillip S. Wood, against the United States Post Office. The plaintiff alleges that he was improperly removed from the service following charges that he had allegedly participated in the falsification of postal time cards. After the charges against him were sustained by an administrative hearing and two appeals, Wood filed suit in the District Court, challenging the legality of the procedures used by the Postal Service to gather evidence and discharge him. District Court Judge Napoli found that the charges were not supported by substantial evidence and ordered that Wood be reinstated with back pay. This ruling was reverse by the Seventh Circuit Court of Appeals, which found that a rational basis existed for Wood's dismissal. Wood v. United States Post Office, 472 F.2d 96 (7th Cir., 1973). The Court of Appeals remanded the case to this Court for further hearings on the plaintiff's procedural objections. The plaintiff amended his complaint to include additional procedural objections in accordance with the recent decision by a three-judge panel in Kennedy v. Sanchez, 349 F.Supp. 863 (Northern District of Illinois, 1972). There are now cross motions for summary judgment before this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure.

The plaintiff's reliance on Kennedy v. Sanchez, *supra,* is misplaced. All of the facts pertaining to the instant case took place between March 16, 1969 and October 31, 1969. The *Kennedy* case was decided October 24, 1972, and is currently being appealed to the Unit-

ed States Supreme Court. While it is true that the *Kennedy* case held the procedures under 5 U.S.C.A. § 7501 unconstitutional in part, there is no reason to justify the retroactive application of that decision to procedures taking place almost three years prior to its inception. In analogous situations which have expanded constitutional rights in criminal procedures, the Courts have repeatedly held that the application of these expanded rights should be prospective and not retroactive. Adams v. Illinois, 405 U.S. 278, 92 S.Ct. 916, 31 L.Ed.2d 202 (1972); Mackey v. United States, 401 U.S. 667, 91 S.Ct. 1160, 28 L.Ed.2d 404 (1971); DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968); Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). The United States Supreme Court has recognized that, insofar as the general principles of retroactive or prospective application are concerned, no distinction is to be drawn between civil and criminal litigation. Linkletter v. Walker, (1965) 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601. To apply the *Kennedy* decision retroactively would place an undue burden on the administrative agencies to which this statutory provision is applicable, and would ultimately burden the courts with the reopening of cases long since decided, which were in compliance with the then-applicable law. Thus, the question before this Court is whether the agency involved herein substantially complied with 5 U.S.C.A. § 7501, which was the applicable administrative procedure providing for the removal of a public employee at the time this case arose.

▇▇▇▇ Chapter 5 of the United States Code, Section 7501 provides the following procedure for removal:

(a) An individual in the competitive service may be removed or suspended without pay only for such cause as will promote the efficiency of the service.

(b) An individual in the competitive service whose removal or suspension without pay is sought is entitled to reasons in writing and to—

(1) notice of the action sought and the charges preferred against him;

(2) a copy of the charges;

(3) a reasonable time for filing a written answer to the charges with affidavits; and

(4) a written decision on the answer at the earliest practicable date.

In the instant case, it is apparent from the plaintiff's own affidavits and from the record in this case that he was afforded these rights. The plaintiff received the notice of proposed adverse action for his removal in a letter dated March 21, 1969, which included a statement of the charges against him. After giving the plaintiff more than ample time to answer the charges against him, the Deputy Regional Director notified the plaintiff of his removal. The plaintiff appealed this decision to the Post Office Department Board of Appeals and Review. The matter was given a full hearing on August 6, 1969, and the agency decision was upheld. The failure of the Assistant Postmaster to render his decision within ten days after his receipt of the file and findings of the hearing officer was not prejudicial to the plaintiff's case. Failure of an agency to adhere strictly to the applicable time requirements in removal actions is insufficient to overturn the removal. Gordon v. Bright, 306 F.Supp. 252 (W.D.Okl., 1968), aff'd 419 F.2d 835 (10th Cir., 1968), cert. denied, 398 U.S. 932, 90 S.Ct. 1826, 26 L.Ed.2d 99. Thus, the procedures used to effect the plaintiff's removal were in substantial compliance with the then-applicable law and resulted in a finding which has been upheld by the Seventh Circuit Court of Appeals.

The plaintiff's removal was based on a finding that there was a rational basis to believe he was involved in time card falsification. While the procedures effecting that removal were in progress, the plaintiff was also involved in the

procedures for emergency suspension based on his criminal conviction on July 14, 1969. The plaintiff seeks to confuse the issues before this Court concerning his allegedly wrongful removal with a panoply of objections to his suspension, which have been mooted by his subsequent removal and which this Court need not consider.

Thus, for the aforementioned reasons, the plaintiff's motion for summary judgment is denied, while the defendants' motion for summary judgment is granted.