Harold J. DAHLINGER, Plaintiff,

v.

TOWN BOARD OF the TOWN OF DELAVAN et al., Defendants.

No. 74-C-280.

United States District Court,
E. D. Wisconsin.

Aug. 1, 1974.

Supplemental Opinion Sept. 4, 1974.

Braden & Olson by John O. Olson, Lake Geneva, Wis., for plaintiff.

Kenny & Clair by J. Edward Clair, Delavan, Wis., Kluwin, Dunphy, Hankkin & Hayes by Michael J. Pfau, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the plaintiff, Harold Dahlinger's motion for a temporary restraining order. Mr. Dahlinger was appointed chief of police for the town of Delavan, Wisconsin, by the defendant town board on May 24, 1972. On June 16, 1974, he was advised by two members of that three-member body that he was suspended with pay pending a closed board meeting scheduled for June 19, 1974, with respect to certain charges of misconduct against him.

At the June 19, 1974, meeting the plaintiff again received oral notice as to the general nature of the charges against him and refused to resign. He first received written notice of various charges of misconduct eight days later, on June 27, 1974.

This action was filed on July 9, 1974, two days before the defendant board was scheduled to meet for the purpose of publicly considering the charges against Mr. Dahlinger. At the July 11 meeting, which lasted for four hours, the plaintiff was represented by counsel and, according to the defendants, he was invited to confront his accusers, cross-examine witnesses and present his own case. On July 17, 1974, the defendants Gifford and DeHaan, acting as the town board, served a letter upon Mr. Dahlinger informing him of their decision that his employment as chief of police was to be terminated as of July 18, 1974.

The plaintiff seeks declaratory and injunctive relief as well as damages against the town board and its members, both as individuals and in their official capacity. He claims that the notice and hearing procedures which were afforded him failed to comport with the requirements of due process for the following reasons: (1) It was not until 11 days after he was suspended that he received written notice of the charges of misconduct; (2) the members of the town board acted as investigators and also sat in judgment of the charges; and (3) his inability to subpena witnesses effectively denied him the opportunity to present his own case. I conclude that the plaintiff's motion for a temporary restraining order should be granted.

At the time he was suspended, Mr. Dahlinger appears to have had a justifiable expectancy of continued employment as chief of police; this constitutes a property interest protected by due process. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); Connell v. Higginbotham, 403 U.S. 207, 91 S.Ct. 1772, 29 L.Ed.2d 418 (1970). Moreover, it is recognized that "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." Wisconsin v. Constantineau, 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971); Larkin v. Withrow, 368 F.Supp. 793 (E.D.Wis.1973).

■ There exists no inherent right in a public employee to a pre-suspension, as opposed to a pre-termination, hearing. Wilson v. North Carolina, 169 U.S. 586, 18 S.Ct. 435, 42 L.Ed. 865 (1898); Fair v. Kirk, 317 F.Supp. 12, 16 (N.D. Fla.1970). The eradication of corrupt practices in government is such an important responsibility that suspension of a public employee prior to a hearing is consonant with due process. Miller v. Iowa State ASCS Committee, 374 F. Supp. 415 (S.D.Iowa, 1974). Moreover, the need for a pre-suspension hearing is not present where, as here, Mr. Dahlinger continued to receive his salary while suspended.

■ A full pre-termination hearing complying with procedural due process is clearly required, however. Indeed, the whole theory of termination

"for cause" presupposes a right to hearing, notice and appeal. Freeman v. Gould Special School District, 405 F.2d 1153 (8th Cir. 1969). The government's interest in maintaining efficiency and effectiveness through the prompt suspension of an employee is thus balanced against the employee's interest in avoiding termination or continued suspension "for cause" when it is not warranted by the facts. Kennedy v. Sanchez, 349 F.Supp. 863, 865 (N.D.Ill. 1972).

In Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the United States Supreme Court indicated that for a "for cause" type hearing to satisfy the requirements of due process the following should be provided: (1) Written notice of the charges; (2) disclosure of the evidence supporting the charges; (3) an opportunity to be heard in person and to present witnesses and evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached decision-making body, no member of which has engaged in the investigation of the charges. See Miller v. Iowa State ASCS Committee, 374 F.Supp. 415, 419 (S.D. Iowa, 1974).

Set forth at § 62.13(5), Wis. Stats., is a procedure providing for notice, hearing, and appeal which boards of police commissioners must follow in "disciplinary actions against subordinates", including police chiefs. The protections outlined therein are in line with those contemplated by the Supreme Court in *Morrissey*.

Population alone precludes the town of Delavan from commissioning such a board and from coming directly within the terms of that regulatory statute. § 62.13(8), Wis.Stats. The authority for the defendant town board to appoint and terminate the plaintiff is found at § 60.-29, Wis.Stats., and the defendants urge that such authority is entirely discretionary. See Adamczyck v. Caledonia, 52 Wis.2d 270, 190 N.W.2d 137 (1971).

No statute expressly requires a town board which is engaged in a disciplinary action against a police officer to follow the procedures observed by its large-city counterpart, the board of police commissioners. Nevertheless, § 60.-29(9), Wis.Stats., authorizes a town board to adopt by-laws to regulate the conduct of its policemen.

My reading of § 60.18(3) indicates that the town meeting has the power to make by-laws for the management of the police department, including procedures such as are set forth in § 62.13(5), for discharging police officers. I conclude that, to the extent it is practicable, a town is required to provide those in its employ with the same procedural due process safeguards enjoyed by comparable employees of cities in Wisconsin. Equal protection considerations compel such a conclusion.

While the town board permitted Mr. Dahlinger to be represented by counsel and invited him to cross-examine witnesses as well as present his own case, I find that the notice and the hearing given to Mr. Dahlinger on July 11, 1974, were constitutionally deficient in several respects.

First, Mr. Dahlinger was not served with written notice of the misconduct charges until some 11 days after he was suspended and two weeks prior to the challenged hearing. A police chief of a Wisconsin city would have been entitled to receive written charges at the time of suspension notification. See § 62.13(5) (b), Wis.Stats.

Secondly, unlike the accused in a § 62.13(5) proceeding, Mr. Dahlinger was unable to subpena certain witnesses whose testimony he claims would have exonerated him. His ability to present his own case was damaged. Compare § 62.13(5)(b), Wis.Stats. Moreover, while the defendant town board claimed at the time of the hearing that it was unable to subpena witnesses, § 885.01(3), Wis. Stats., indicates otherwise.

Thirdly, the record before me indicates that members of the town board

who participated in the investigation of the misconduct charges against Mr. Dahlinger also sat in judgment with respect to those charges. Procedural due process demands that an accused be provided a neutral and detached decision-maker. Larkin v. Withrow, 368 F.Supp. 793 (E.D.Wis.1973).

Finally, while § 62.13(5)(i), Wis. Stats., provides for "appeal from the order of the board [of police commissioners] to the circuit court," there is some doubt whether Mr. Dahlinger may obtain state judicial review of the decision of the town board.

■ I conclude that because the notice and hearing provided to him were constitutionally deficient, Mr. Dahlinger is entitled to be reinstated to the suspended status which he enjoyed at the time this action was commenced. He is entitled to remain in that status until such time as a decision results from a pre-termination hearing which comports with the requirements of due process. The town board or town meeting is fully capable of providing the requisite due process hearing and should do so without undue delay.

Therefore, it is ordered that the plaintiff's motion for a temporary restraining order be and hereby is granted.

It is also ordered that the defendants reinstate the plaintiff to the status of suspended, with pay, which he held at the time this action was commenced.

It is also ordered that, consistent with the procedural due process considerations set forth in this decision, the defendants provide the plaintiff with a pretermination hearing within 30 days from the date of this order.

## SUPPLEMENTAL OPINION

In a ruling dated August 1, 1974, I granted the plaintiff's motion for a temporary restraining order and directed the defendants to "reinstate the plaintiff to the status of suspended, with pay, which he held at the time this action was commenced," pending the outcome of a pretermination hearing which was "consistent with the procedural due process considerations set forth in this decision." Such hearing was to be provided within 30 days from the date of that order.

The defendants now seek "an order extending the time within which to comply with the Court's order . . . and . . . further move this court for clarification of said Court's order." The plaintiff has countered with a motion "for an Order modifying the Court's Order . . . , direct[ing] the defendants to reinstate the plaintiff as Chief of Police of the Town of Delavan and further enjoin them from taking any disciplinary action against him until a duly convened Town Meeting has adopted by-laws which regulate the conduct of a disciplinary hearing."

The record indicates that on August 20, 1974, at the regular monthly meeting of the defendant town board of the Town of Delavan, the defendant town board, by resolution, appointed a committee of one, to be chaired by a former Milwaukee judge, to conduct a hearing into the charges levied against the plaintiff. Upon the conclusion of such hearing, he is to submit his findings and conclusions to the defendant town board for its determination as to the status of the plaintiff with respect to his employment as chief of police. The plaintiff objects to the procedure proposed, claiming that he will be denied a neutral and detached decision-maker because the final decision will remain with the defendants. In addition, the plaintiff points to the language of my decision and order dated August 1, 1974, which states that:

"My reading of § 60.18(3) indicates that the town meeting has the power to make by-laws for the management of the police department, including procedures such as are set forth in § 62.13(5) for discharging police officers."

The affidavit of the defendants indicates that "the Town Board has requested Municipal Ordinance Service,

Inc. to . . . submit an outline of procedures and recommendations that could be presented to said special town meeting." Thus, the defendants have proposed the "advisory committee of one" concept as but a temporary pretermination procedural measure, which they propose to implement with respect to the plaintiff. I decline to render an advisory opinion or to "clarify" my prior decision and order, as the defendants suggest. However, construing their motion for clarification as a motion to modify that decision and order along the lines of their proposal, I conclude that such motion should be denied. Furthermore, I believe that the defendants should be afforded additional time to implement the court's order dated August 1, 1974.

With respect to the plaintiff's motion for modification, I find that nothing has been submitted by way of affidavit or otherwise to justify the conclusion that Mr. Dahlinger is entitled to anything more than the status of "suspended, with pay," which he currently holds pending the outcome of the forthcoming pretermination hearing.

Finally, I conclude that the plaintiff's motion for an order enjoining the defendants "from taking any disciplinary action against him until a duly convened Town Meeting has adopted by-laws which regulate the conduct of a disciplinary hearing" need not be resolved. The terms of my decision and order dated August 1, 1974, speak to that point.

Therefore, it is ordered that the defendants' motion for clarification be and hereby is denied.

It is also ordered that the defendants' motion for an order extending the time within which to comply with this court's order dated August 1, 1974, be and hereby is granted. The defendants shall have until October 1, 1974, to provide the plaintiff with the required pretermination hearing.

It is further ordered that the plaintiff's motions for modification and further injunctive relief be and hereby are denied.