Robert C. WEYENBERG, Plaintiff,

v.

TOWN OF MENASHA, Quasi-Municipal Corporation, et al.,
Defendants.

No. 75-C-500.

United States District Court,
E. D. Wisconsin.

Sept. 26, 1975.

Di Renzo & Bomier by Jerome T. Bomier, Neenah, Wis., for plaintiff.

Timothy M. Dempsey, Oshkosh, Wis., for Strohmeyer and Unkefer.

Herrling, Clark & Hartzheim by Roger W. Clark, Appleton, Wis., for Town of Menasha.

Fulton, Menn & Nehs by Franklin L. Nehs, Appleton, Wis., for Page.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is the plaintiff's motion for a temporary restraining order pursuant to Rule 65, Federal Rules of Civil Procedure. I conclude that the plaintiff's application for temporary relief should be granted.

Although I am aware that each of the defendants has filed or contemplates filing a motion to dismiss, such motions will not be considered in this opinion but rather will be dealt with, if possible, at the time the court rules on the plaintiff's preliminary injunction motion. To that end, the court will endeavor to coordinate the briefing schedules to be established on the various motions to dismiss with the schedule on the plaintiff's preliminary injunction motion hereinafter set at the end of this decision.

The plaintiff's verified complaint seeks, among other things, injunctive relief restraining the defendants from removing him as the superintendent of police of the town of Menasha without first providing him with a hearing consistent with the requirements of the due process clause of the fourteenth amendment. Monetary relief is also sought by the plaintiff, but allegations pertaining to such claim are not germane to the instant motion and will not be discussed in this opinion.

██ To obtain a temporary restraining order, the plaintiff must bear the burden of demonstrating that: (1) there is a strong probability of success on the merits; (2) he will suffer irreparable harm if interim relief is not granted; (3) there is no manifest danger of substantial harm to other parties. *Burdick v. Miech*, 385 F.Supp. 927, 928 (E.D.Wis. 1974).

██ I am satisfied that the plaintiff's first and second claims for relief are likely to succeed on the merits. The first claim alleges a denial of due process in the plaintiff's termination as police superintendent. Such claim is allegedly actionable directly under the Constitution and under 42 U.S.C. § 1983, with jurisdiction predicated upon 28 U.S.C. §§ 1331 and 1343(3), respectively. The second claim alleges a denial of equal protection in that procedural protections afforded to certain Wisconsin police department employees pursuant to Wis. Stat. § 62.13(5) (1973) are not available to the plaintiff. See *Dalinger v. Town of Delavan*, 381 F.Supp. 474 (E.D.Wis. 1974).

From the formal resolution of the town board of Menasha dated July 27, 1970, it appears that the plaintiff's contract of employment as superintendent of police is terminable at the will of the board. Thus, I do not believe it likely that the plaintiff will be able to prove that he had a property interest in continuing as police superintendent which is protectable under the due process clause. See *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 578, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).

Nevertheless, I believe that the minutes of the town board meetings of May 25, 1975, and August 1, 1975, demonstrate that the plaintiff was subjected to state action which infringed his rights under the fourteenth amendment. The following quotation from the minutes of the August 1, 1975, board meeting makes it probable that the elimination of the plaintiff's job as police superintendent at the May 25, 1975, meeting may have been motivated by the existence of charges likely to involve the alleged misconduct or incompetence of the plaintiff:

"Motion was made by [the defendant] Mr. Unkefer and seconded by [the defendant] Mr. Page, that the responsibility and order for the Police Department, will be given to Mr. Robert C. Weyenberg, and that he will be a patrolman at a salary of $12,000 per year, with no overtime, *until this issue is settled* or a new person is hired.

"Amended by Mr. Page, *if Mr. Weyenberg is judged innocent,* the difference in salary would be made up, not to include overtime, for the pertinent period.

"Amendment carried.

"Motion carried." (Emphasis added).

Under these circumstances, I believe the plaintiff is likely to prevail on his claim that the elimination of his job called into question his good name, honor and integrity, thus requiring the defendants to provide him with a due process hearing. *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). Such hearing requires that the following protections be provided: (1) written notice of the charges; (2) disclosure of the evidence supporting the charges; (3) an opportunity to be heard in person and to present witnesses and evidence; (4) the right to confront and cross-examine witnesses; (5) a neutral and detached decisionmaker; and (6) a written statement of the decisionmaker as to the evidence relied upon and the reasons for his findings and conclusions. See *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed. 484 (1972).

In addition to the protections described above, the plaintiff is likely to be entitled to the further protections offered by Wis.Stat. § 62.13(5) as a matter of fourteenth amendment equal protection. *Dalinger v. Town of Delavan,* 381 F.Supp. 474, 477 (E.D.Wis.1974). Thus, the plaintiff cannot be permanently discharged or replaced until he has had a hearing at which he is permitted the aid of counsel and the right to subpoena witnesses.

I am not only persuaded that the plaintiff is likely to succeed on the merits in view of the foregoing, but I am also convinced that the plaintiff will suffer irreparable harm if injunctive relief is not granted. Until the plaintiff is provided with an opportunity to defend his reputation, he is unfairly burdened with a serious impediment to his ability to seek new employment, should that become necessary. Also, his standing in the community has been imperiled.

Moreover, I have no difficulty concluding that the defendants will not be unduly burdened by providing the plaintiff with an adequate hearing before they endeavor permanently to replace the

plaintiff as the head of the Menasha police department.

Finally, although the plaintiff urges that he should be returned to his position as superintendent of police pending a hearing, I believe that the better course is to permit the plaintiff to retain his job as a Menasha police officer and to receive the same pay and benefits to which he was entitled as the police superintendent. This would leave the plaintiff in substantially the same position as one who is suspended with pay. *Dalinger v. Town of Delavan, supra* at 476.

Therefore, it is ordered that the plaintiff's motion for a temporary restraining order be and hereby is granted.

It is also ordered that until such time as this matter can be heard on the plaintiff's motion for a preliminary injunction, the defendants are hereby temporarily restrained as follows: The defendants shall hereafter provide the plaintiff the wages and other employment benefits to which he was entitled when he last held the position of superintendent of police of the town of Menasha, and the defendants shall not permanently replace the plaintiff as superintendent of the Menasha police department regardless of the title given to any such replacement, until such time as the defendants provide to the plaintiff a pretermination hearing consistent with this opinion, including the following safeguards: (1) written notice of the charges, (2) disclosure of the evidence supporting the charges, (3) an opportunity to be heard in person and to present witnesses and evidence, (4) an opportunity to confront and cross-examine witnesses, (5) the right to the use of counsel, (6) the right to subpoena witnesses, (7) a neutral and detached decisionmaker, and (8) a written statement of the decisionmaker as to the evidence relied upon and the reasons for his findings and conclusions.

It is further ordered that the parties adhere to the following schedule with respect to submissions on the plaintiff's motion for a preliminary injunction:

The plaintiff's supporting memorandum of law, affidavits and exhibits should be served and filed on or before October 17, 1975; the defendants' opposing memoranda of law, affidavits and exhibits should be served and filed on or before October 31, 1975; the plaintiff's reply memorandum, affidavits and exhibits should be served and filed on or before November 10, 1975.