J. Viola **HERAK,** James Wood, Jr., and Lloyd Barnard, in their official capacity as the members of the Montana Agricultural Stabilization and Conservation State Committee, and the United States Department of Agriculture, Appellants,

v.

Francis D. **KELLY,** Appellee.

No. 21412.

United States Court of Appeals Ninth Circuit.

March 13, 1968.

Stephen R. Felson (argued), John C. Eldridge, Alan S. Rosenthal, Attys., Dept. of Justice, Walter H. Fleischer, Civil Div., Dept. of Justice, Washington, D. C., Moody Brickett, U. S. Atty., Carl Eardley, Acting Asst. Atty. Gen., Butte, Mont., for appellants.

Otto T. Habedank and Jacque Best (argued), of Habedank, Cumming & Best, Sidney, Mont., for appellee.

Before CHAMBERS, MERRILL and DUNIWAY, Circuit Judges.

CHAMBERS, Circuit Judge:

On November 19, 1964, appellee Kelly received a notice that he was suspended from office as county office manager of the McCone County, Montana, Agricultural Stabilization and Conservation Service. The notice contained only the general charge that Kelly had given advice and information contrary to regulations and procedures, resulting in twelve improper contracts. Kelly denied the charge, and was granted a private hearing before the state committee on January 12, 1965.

The hearing was conducted as an opportunity for Kelly to explain his version of the circumstances surrounding these contracts. Kelly requested that the com-

mittee specify the information upon which they based their charge. The attorney for the committee complied by summarizing the information available to the committee relating to six of the ten contracts (two contracts had been eliminated from consideration by the committee). At the end of the hearing, Kelly asked for the opportunity to refute any statements in the investigative reports upon which the committee might rely in its decision. There was no response.

Two weeks later, Kelly received a letter informing him that he would not be restored to duty. The only basis given for the decision was the generalization that Kelly knew or should have known the regulations and procedures, but he failed to follow them and improper contracts resulted.

Kelly's administrative appeals failed. He then filed a complaint in the district court under 5 U.S.C. § 702 and 28 U.S.C. § 2201. The district court ordered Kelly's reinstatement, but stayed its order pending this appeal. This court has jurisdiction under 28 U.S.C. § 1291.

■■■ The district court found for appellee Kelly on two grounds. First, it held that, under Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959), Kelly was not afforded his due process right to disclosure of the evidence in support of the case against him. This court can find no constitutional right to disclosure in this case. Greene v. McElroy did not reach the constitutional question. Moreover, it seems settled that a government employee can be summarily discharged unless the expulsion is patently arbitrary or discriminatory. See Cafeteria and Restaurant Workers, etc. v. McElroy, 367 U.S. 886, 896–897, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961).

The second ground was that the notices and hearing did not comply with the regulations in the "State Administrative Handbook." The regulations require that the notice of suspension "set forth reasons for the action in sufficient detail so as to enable the suspended person to be fully informed of the nature of the facts relied upon for the action." At the hearing, the state executive director is supposed to "present the facts upon which the action is based." Upon reaching its decision, the state committee is required to be "prepared to furnish the complete information on which the decision is reached."

The notice of suspension was conclusory for the most part; it gave few facts. It is questionable whether the summary of facts given at the hearing was sufficient. The notice of permanent removal, after the hearing, was also conclusory. There is no indication in the record that Kelly ever received the "complete information" on which the state committee based its decision. The purpose of that requirement is to enable him to make an effective administrative appeal.

We do not now decide what would have been the effect if there had been more specificity in the notice of suspension without more in the summary of facts at the hearing, or if there had been more specificity in the summary of facts, or if there had been more expansive information furnished the discharged person after the state committee had reached its decision.

Kelly was under administrative regulations providing certain procedures for the discharging of an employee for cause.

■■ If an administrative body chooses to give an employee by regulation the right to have it disclose to him the specific information on which the charges and the eventual decision are based, it must comply with the regulations.

■■ When the point in the hearing was reached where Kelly asked for the opportunity to refute any confidential statements in the investigatory file that might be relied upon by the committee, and he received only an answer of silence, the committee seriously erred. We hold he was entitled to assurance that things under the table would not be used, or he

was entitled to see under the table. The regulations required it.

The judgment of the district court is affirmed.