**John J. TOOHEY, Appellant,**

v.

**Paul H. NITZE, Secretary, U. S. Department of the Navy, et al., Appellees.**

**No. 23639.**

United States Court of Appeals,
Ninth Circuit.

July 29, 1970.

---

John J. Toohey, in pro. per.

Ceil C. Poole, U. S. Atty., Jerry K. Cimmett, Brian B. Denton, Asst. U. S. Attys., San Francisco, Cal., for appellees.

Before MADDEN*, Judge, United States Court of Claims, MERRILL and TRASK, Circuit Judges.

TRASK, Circuit Judge:

John J. Toohey[1] appeals *in pro per* from a summary judgment rendered against him in this action brought by him against the government for reinstatement, back pay, and damages for wrongful discharge and injury to his professional reputation.

Appellant is a registered professional engineer with impressive academic credentials. On March 20, 1967, he commenced employment as a mechanical engineer for the Department of the Navy at the San Francisco Bay Naval Shipyard. Before achieving permanent employment status, he was required to satisfactorily complete a one-year probationary period. See 5 C.F.R. §§ 315.-801(a) (1)[2]; 315.802(a).[3] Some three months later, on June 23, 1967, he was given notice of his proposed termination, pursuant to 5 C.F.R. §§ 315.803–804,[4] on

---

* Honorable J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.

1. Appellant Toohey has advised the court that he has changed his surname to Thomas.

2. "§ 315.801 Probationary period; when required.

"(a) The first year of service of an employee who is given a career or career-conditional appointment under this part is a probationary period when the employee:
"(1) Was appointed from a register * * *."

3. "§ 315.802 Length of probationary period.
"(a) The probationary period required by § 315.801 is 1 year."

4. "§ 315.083 Agency action during probationary period (generally).
"The agency shall utilize the probationary period as fully as possible to deter-

the ground that he failed to demonstrate that he possessed the necessary dependability, adaptability, cooperativeness and proper attitude for his employment. He was terminated on July 14. Toohey's appeal of his dismissal to the Civil Service Commission was denied on the ground that the Commission was "specifically precluded by regulation from making an investigation into, or a review of, the sufficiency of the reason for the action, unless it is alleged by affidavit that the action was taken for political reasons not required by law, or resulted from discrimination * * *" See 5 C.F.R. § 315.806(a), (b), (c).[5] Toohey did not submit any information in support of his contention that his termination was effected for political reasons.

Appellant then initiated this action in the district court. On June 20, 1968, the court granted the government's motion for summary judgment on the ground that Toohey had been accorded all of the administrative rights to which he was entitled, and there was substantial evidence to support his removal.

We believe that appellant has presented his case to us in utmost sincerity, but we must affirm the district

court. Dismissal from federal employment is largely a matter of executive agency discretion. Particularly is this true during the probationary period. The scope of judicial review is narrow. Assuming that statutory procedures meet constitutional requirements, the court is limited to a determination of whether the agency substantially complied with its statutory and regulatory procedures, whether its factual determinations were supported by substantial evidence, and whether its action was arbitrary, capricious or an abuse of discretion. See Burke v. Carpenter, 387 F.2d 259 (9th Cir. 1967), cert. denied, 391 U. S. 903, 88 S.Ct. 1651, 20 L.Ed.2d 417 (1968); Mancilla v. United States, 382 F.2d 269, 270 (9th Cir. 1967), cert. denied, 390 U.S. 982, 88 S.Ct. 1104, 19 L. Ed.2d 1280 (1968); Taylor v. United States Civil Service Commission, 374 F. 2d 466 (9th Cir. 1967); Charlton v. United States, 412 F.2d 390 (3d Cir. 1969).

Upon a review of the record, we determine that the government complied with administrative procedure, and that appellant received the administrative review to which he was entitled. There is no evidence that appellant's dismissal

---

mine the fitness of the employee and shall terminate his services during this period if he fails to demonstrate fully his qualifications for continued employment.

"§ 315.804 Termination of probationers for unsatisfactory performance or conduct.

"When an agency decides to terminate an employee serving a probationary or trial period because his work performance or conduct during this period fails to demonstrate his fitness or his qualifications for continued employment, it shall terminate his services by notifying him in writing as to why he is being separated and the effective date of the action. The information in the notice as to why the employee is being terminated shall, as a minimum, consist of the agency's conclusions as to the inadequacies of his performance or conduct."

5. "315.806 Appeal rights to the Commission.

"(a) *Right of appeal.* An employee is entitled to appeal to the Commission in

writing from the agency's decision to terminate him under § 315.804 or § 315.-805 only as provided in this section. The Commission's review does not include any matter except as provided in paragraphs (b) and (c) of this section.

"(b) *On discrimination.* An employee whose termination is subject to the provisions of § 315.804 or § 315.805 may appeal on the ground that the action taken was based on political reasons not required by statute, or resulted from discrimination because of physical handicap. When an appeal is based on any of these grounds, the appellant shall submit an affidavit setting forth the facts and circumstances on which the appeal is based.

"(c) *On improper procedure.* A probationer whose termination is subject to § 315.805 may appeal on the ground that his termination was not effected in accordance with the procedural requirements of that section."

was either political or discriminatory in nature. The relevant statute, 5 U.S.C. § 3301, and regulations promulgated thereunder are not unconstitutional. The administrative action was supported by substantial evidence.[6] It was not arbitrary or capricious and did not constitute an abuse of discretion.

The judgment is affirmed.

6. The government's notice of proposed termination, dated June 23, 1967, was documented by specific instances of appellant's alleged "unwillingness to adapt to, or abide by, the rules and requirements applicable to all employees." For example appellant was absent from his job without authority for more than two full days in April, 1967, and, on June 20, 1967, he intruded upon and disrupted a labor-management negotiating session after obtaining advice that he could not attend the session. Appellant did not deny this conduct in his reply letter of June 30, but only explained, in general terms, that his concept and expectations of his duties and responsibilities differed from that of his superiors.