George A. **ALBERT**, Plaintiff-Appellant,

v.

Hon. John H. **CHAFEE**, Secretary of the Navy, et al., Defendants-Appellees.

No. 71–1630.

United States Court of Appeals, Ninth Circuit.

Aug. 17, 1972.

---

**368**

Joseph A. Ryan (argued), Honolulu, Hawaii, for plaintiff-appellant.

Thomas P. Young, Asst. U. S. Atty. (argued), Michael R. Sherwood, Asst. U. S. Atty., Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for defendants-appellees.

Before BROWNING, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

Appellant filed a complaint in the district court challenging the lawfulness of his dismissal as a civilian employee of the Department of the Navy.

The defendants moved to dismiss. The district court entered an order purporting to grant summary judgment for the defendants. The government argues, however, and we agree, that the district court's intention was to dismiss the action for lack of jurisdiction.

We have repeatedly reviewed the merits of agency action discharging government employees, necessarily assuming that both district courts and this court had jurisdiction to do so. *See* Toohey v. Nitze, 429 F.2d 1332 (9th Cir. 1970); Herak v. Kelly, 391 F.2d 216 (9th Cir. 1968); and cases collected in Davis, Administrative Law Treatise § 29.07 (1970 Supp. at 1010–11). The source of jurisdiction is suggested by the following statement in Toohey v. Nitze describing the standard to be applied by the courts in reviewing such agency action (429 F. 2d at 1334):

"... Assuming that statutory procedures meet constitutional requirements, the court is limited to a determination of whether the agency substantially complied with its statutory and regulatory procedures, whether its factual determinations were supported by substantial evidence, and whether its action was arbitrary, capricious or an abuse of discretion."

This, of course, is the standard applied during judicial review of agency action under the Administrative Procedure Act. 5 U.S.C. § 701 et seq. *See* Charlton v. United States, 412 F.2d 390 (3d Cir. 1969). Jurisdiction exists under this Act to review the action of the Department of the Navy in dismissing appellant because "no statute precludes such relief [and] the action is not one committed by law to agency discretion." Abbott Laboratories v. Gardner, 387 U. S. 136, 140, 87 S.Ct. 1507, 1511, 18 L. Ed.2d 681 (1967). *See generally,* Citizens Committee for Hudson Valley v. Volpe, 425 F.2d 97, 101–102 (2d Cir. 1970).

The government argues that this basis for jurisdiction was not suggested to the district court by appellant's counsel and therefore may not be relied upon as a ground for reversal. While this is the general rule, rarely to be departed from, it is not absolute. Questions relating to jurisdiction are peculiarly subject to examination by courts on their own motion. The issue of jurisdiction was raised and decided below, and the relevant line of Ninth Circuit cases cited above was called to the district court's attention (albeit by the government). The application of the statute raises only a question of law not dependent in any degree upon the appraisal of evidence, and the error that occurred is fundamental to the right of the plaintiff to his day in court.

Reversed.