**John F. KEANE, Jr., Petitioner,**

v.

**Prescott A. BERRY, District Director, Internal Revenue Service, Respondent.**

**No. Civ. 75–493 Phx. WPC.**

United States District Court,
D. Arizona,

May 17, 1976.

Supplemental Memorandum and
Order June 15, 1976.

Stephen E. Silver, Burch, Cracchiolo, Levie, Guyer & Weyl, Phoenix, Ariz., for petitioner.

George B. Nielsen, Jr., Asst. U. S. Atty., Dept. of Justice, Phoenix, Ariz., for respondent.

### MEMORANDUM AND ORDER

COPPLE, District Judge.

The initial question in the instant action is whether this Court has jurisdiction to hear this matter. The Court is of the opinion that it does. Petitioner is an employee of the Internal Revenue Service. He was suspended for 30 days (without pay) due to an alleged misuse of a government vehicle. He instituted this action on July 25, 1975. Petitioner's temporary restraining order was quashed, his preliminary injunction was denied and all further proceedings were stayed pursuant to this Court's order of August 8, 1975. Petitioner then exhausted his administrative remedies. *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). The petitioner's amended petition was filed on February 25, 1976, and the government instituted the present motions to dismiss and for protective or-

---

ders. There is no doubt of petitioner's exhaustion of his remedies under the Internal Revenue Service's administrative procedures. *Arnett, supra.*

■ The government contends that this Court lacks jurisdiction under 5 U.S.C. § 701 *et seq.* to review the thirty-day penalty imposed by the respondent. The Court finds *Young v. United States,* 498 F.2d 1211 (5th Cir. 1974), to be controlling. In *Young, supra,* the Court of Appeals for the Fifth Circuit held that due process violations in a termination hearing were reviewable under 5 U.S.C. § 701 *et seq.* The Court has found nothing in this circuit to conflict with that holding. Certainly the scope of review is narrow. *Dennis v. Blount,* 497 F.2d 1305 (9th Cir. 1974). The government's reliance in its brief on *Toohey v. Nitze,* 429 F.2d 1332 (9th Cir. 1970), is both mistaken and misleading. As Judge Trask noted in *Toohey, supra* at 1334:

> "The scope of judicial review is narrow. *Assuming that statutory procedures meet constitutional requirements,* the court is limited to a determination of whether the agency substantially complied with its statutory and regulatory procedures." (Emphasis added)

Of course, the question here is whether the statutory processes conform to due process of law. The government also contends that petitioner is not seeking a review of the constitutionality of his hearing procedure. The government reaches that conclusion by citing the Court to petitioner's response to the government's motion to quash. That response was filed on August 4, 1975. The Court granted the motion to quash and required that petitioner exhaust his administrative remedies. In October of 1975 the Internal Revenue Service sent a hearing officer to Phoenix to investigate this matter. It is his actions which the petitioner in his amended petition of February 25, 1976, contends violated due process of law. The Court finds the government's citation to the earlier response of petitioner to be at best confusing and at worst misleading. It is clear to this Court that it is vested with jurisdiction in the instant action.

■ Petitioner was given notice of the charges against him and an opportunity to respond to them in writing. Pursuant to 5 C.F.R. § 752.302 *et seq.,* an employee, such as the petitioner, who is suspended for thirty days or less is not entitled to a hearing which includes the confrontation of his accusers and the right to present his own witnesses. The question thus becomes: does the above procedure comport with due process? The government contends that petitioner's property right in his job is governed solely by the government's procedural regulations. The government is wrong. A majority of the Justices in *Arnett, supra,* 96 S.Ct. at 1649 (Powell, J., concurring) found that (1) a nonprobationary employee of the federal government had a property interest in his or her job; (2) the right to due process could not be limited by regulation; and (3) the employee had a right to at least a post-termination hearing comporting with due process. Other courts interpreting *Arnett, supra,* have come to the same conclusion. *Christie v. United States,* 518 F.2d 584 (Ct.Cl.1975); *Barszcz v. Board of Tr. of Com. Col. Dist. No. 504, Ill.,* 400 F.Supp. 675 (N.D.Ill.1975); *Young v. Hutchins,* 383 F.Supp. 1167 (M.D.Fla.1974).

■ The question now devolves to whether the petitioner has a right to present his own witnesses and confront his accusers. The Court is of the opinion that he does. The Court notes that in *Arnett, supra,* 96 S.Ct. at 1651, such rights were accorded. The Supreme Court noted in *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975), that employees like welfare recipients have a right to due process of law. In *Wheeler v. Montgomery,* 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d 307 (1970), the right to due process that welfare recipients were entitled to included the right to present witnesses and the right to confront their accusers. The Court is of the opinion that no less should be afforded a government employee who is suspended for thirty days on charges that question his professional judgment and perhaps his honesty. *See, Wisconsin v. Constantineau,* 400 U.S. 433, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971).

Other courts, in determining the nature of due process in employee cases, have found that the requirements of confrontation of accusers and presentation of one's own witnesses found in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), to be applicable. *Dahlinger v. Town Board of Town of Delavan,* 381 F.Supp. 474 (E.D.Wis.1974); *Miller v. Iowa State ASCS Committee,* 374 F.Supp. 415 (S.D.Iowa 1974).

Given the lack of required due process in the hearing afforded to the petitioner the Court need not, at this time, rule on the other issues presented in the parties' motions.

IT IS ORDERED:

1. The respondent's motion to dismiss is denied.

2. All further proceedings and discovery (except as may be permitted by the hearing officer in connection with the hearing provided for below) are stayed pending final outcome of the hearing mandated by this order.

3. The respondent is given thirty (30) days within which to afford petitioner a hearing conforming to the requirements of due process outlined herein.

### SUPPLEMENTAL MEMORANDUM AND ORDER

The United States has filed with this Court a motion for reconsideration of the Court's Memorandum and Order of May 17, 1976. *Keane v. Berry* (Civ. 75–493 Phx.) (D. Ariz. May 17, 1976). The facts giving rise to this action are outlined in *Keane, supra.* After this Court's order was filed in *Keane, supra,* the Ninth Circuit handed down its most recent decision in the area of procedural rights of employees under the due process clause of the Fourteenth Amendment. *Stretten v. Wadsworth Veterans Hospital,* 537 F.2d 361 (9th Cir. 1976).

This Court is of the opinion that *Stretten, supra,* supports the Court's earlier determination that petitioner has a due process right to confront his accusers and to present his own witnesses. Judge Sneed in *Stret-*

*ten, supra,* set forth a three-part balancing test to be used in determining the nature and extent of an employee's due process rights. *See, Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The first question to be examined is the interest of the parties that is at issue. In this case the interest of the petitioner is clear. He has suffered the deprivation of one month's salary and was found to have made unauthorized use of a government car. The interest of the employer (in this case the Internal Revenue Service) is to maintain control over its own personnel and their use of the government's property. In this case, however, that interest is general and not the particularized nature of physician competence found in *Stretten, supra.*

The second question to be examined is the risk of an erroneous deprivation of a property interest due to the procedures employed in the hearing. The court in *Stretten, supra,* found that when the question of medical competence was at issue the value of confronting witnesses and presenting one's own witnesses was questionable. *See, Mathews, supra* (Medical opinion in Social Security cases). In the instant case, however, the reason for the employer's actions was the alleged unauthorized use of a government car. This situation is hardly a question of professional competence, but rather, the very type of charge thought to fall within a quasi-criminal area. In the Court's opinion this is the type of situation in which the classical confrontation of witnesses and the presentation of one's own witnesses is presumed to produce the truth in our system of justice.

The final question to be addressed is the nature of the fiscal and administrative burdens that the above procedure will place upon the government. This Court is of the opinion that the burden will not be substantial. In the instant case the government flew a hearing officer into Phoenix to take evidence in this matter. To require that the hearing officer hear evidence in one place with cross examination and the presentation of a defense would not appear to be burdensome. This would be no more

expensive than the hearing officer's ex parte discussions with witnesses and others that took place in the instant case.

The United States also questions this Court's jurisdiction over the instant suit pursuant to 5 U.S.C. § 701 *et seq.* This Court is still of the opinion that in a case such as the instant one it is vested with jurisdiction under 5 U.S.C. § 701 *et seq. Young v. United States,* 498 F.2d 1211 (5th Cir. 1974); *See, Toohey v. Nitze,* 429 F.2d 1332 (9th Cir. 1970).

The United States now questions that opinion by citing the Court to *Nguyen Da Yen v. Kissinger,* 528 F.2d 1194 (9th Cir. 1975). In that case the Court of Appeals very carefully avoided ruling on that question, *Nguyen Da Yen, supra* at n. 12. What the court did do is note that there is a split of opinion in this Circuit based upon the recent opinion in *Wiren v. Eide,* 542 F.2d 757 (9th Cir. 1975). Previous to that opinion there was no such split and the reported cases can all be read to be contrary to *Wiren, supra. See, Toohey, supra; Brandt v. Hickel,* 427 F.2d 53, 55 (9th Cir. 1970); *State of Washington v. Udall,* 417 F.2d 1310 (9th Cir. 1969); *Coleman v. United States,* 363 F.2d 190 (9th Cir. 1966), *rev'd on other grounds,* 390 U.S. 599, 88 S.Ct. 1327, 20 L.Ed.2d 170 (1968).

The Court's own research has revealed that the opinion in *Wiren, supra,* has been withdrawn by the panel that sat on the case (Order of January 28, 1976). That opinion having been withdrawn there is no longer even a split of opinion in this Circuit.

### Conclusion

Given the length of the punishment (30 days), the type of offense charged (unauthorized use of a government car) and the minimal disruption in relation to the overall hearing process, the Court has concluded that its original order in this matter was correct.

The Court further notes that the government's apparent fear in regard to this order's effect upon 5 C.F.R. § 752.302 *et seq.* is premature and unwarranted. The instant case may have been far different if the period involved were substantially less than 30 days or if the charge involved was of a different nature. The Court, however, is not at this moment faced with those questions but only with the instant case and its facts.

IT IS ORDERED:

The respondent's motion for reconsideration is denied.