Doris G. FRANCISCO, Appellee,

v.

Alan K. CAMPBELL, Chairman, Jule M. Sugarman, Vice Chairman, and Ersa H. Poston, Member, United States Civil Service Commission, Appellants.

No. 78–2525.

United States Court of Appeals, Ninth Circuit.

Submitted May 22, 1980.

Decided Aug. 11, 1980.

Nancy Jean Wilcox, Dept. of the Navy, San Francisco, Cal., for appellants.

Michael A. Weight, Honolulu, Hawaii, for appellee.

Before MERRILL, DUNIWAY and TANG, Circuit Judges.

TANG, Circuit Judge:

Doris Francisco is a civilian Naval employee whose discharge by the Navy for violation of two of its regulations was upheld by the Civil Service Commission. Upon review of Francisco's challenge to this administrative action, the district court found that substantial evidence supported only one of the charged violations, and that Francisco's punishment was so disproportionate to the offense as to constitute an abuse of discretion. We likewise find that substantial evidence supports only one of the charges and that Francisco's removal was an abuse of discretion.

At the time of her removal, Francisco was employed as the Senior Education Advisor at the Naval Education and Training Support Detachment Center (NETSDC), Pearl Harbor. Francisco was responsible for coordinating the Navy Campus for Achievement program (NCFA). The basic function of the NCFA program is to counsel military personnel about their educational needs and the off-duty educational programs available to them.

On August 22, 1975, Francisco was sent notice of her proposed removal. The notification alleged two grounds for dismissal: (1) "disobedience to constituted authorities," in that Francisco failed to comply with the order of Capt. Sue Young, her superior, to refrain from engaging in the hiring of instructors, handling of textbooks, registration of students, and the organizing and administering of courses for schools in her area; and (2) that she accorded special treatment to certain educational institutions and withheld equal treatment from others.

After clarification of these charges, Francisco on September 27, 1975 submitted a written reply in which she basically denied the charges and alleged that all her actions were in the best interests of the United States.

On October 20, 1975, Capt. D. J. Ellison, Capt. Young's replacement, informed Francisco that he found the grounds for her proposal removal to be fully supported by the evidence and announced that Francisco would be removed as of October 24, 1975.

Francisco appealed Capt. Ellison's decision to the Civil Service Commission (CSC). A hearing was held and in a written decision dated April 1, 1976, the Federal Employee Appeals Authority of the CSC affirmed Capt. Ellison's decision, finding that "both charges have been supported by a preponderance of the credible evidence and that the action was not arbitrary or unreasonable and was taken for such cause as will promote the efficiency of the service."

Francisco filed an action in the district court seeking reinstatement. The district court granted reinstatement, finding that, although substantial evidence supported the charge of disobedience, it did not support the charge of preferential treatment, and that the proposed removal was so disproportionate to the offense that it constituted an abuse of discretion. On appeal, the Navy[1] contends that substantial evidence supported the finding of both violations, and that Francisco's removal was not an abuse of the agency's discretion.

## I.

### Substantial Evidence

■ The standards governing our review of this agency action are: [w]hether the agency substantially complied with its statutory and regulatory procedures, whether its factual determinations were supported by substantial evidence, and whether its action was arbitrary, capricious, or an abuse of discretion. *Albert v. Chafee*, 465 F.2d 367, 368 (9th Cir. 1972). The decision of the district court is accorded no particular deference. *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1161 (9th Cir. 1980).

### A. Disobedience to Constituted Authorities

■ The Navy charged that Francisco, after being specifically instructed by Capt. Young not to engage in the registration of students, handling of textbooks, and hiring of instructors, wilfully violated this order by continuing to involve herself in the administration of the universities with whom she dealt. The records shows, and Francisco does not seriously dispute, that Francisco did engage in university administrative practices after December 20. The parties vigorously dispute, however, whether, and to what extent, Francisco was ever instructed by Capt. Young not to involve herself in university administration.

The FEAA found that determination of this issue was a matter of choosing between Francisco and Capt. Young's conflicting stories and resolved this credibility choice in favor of the Navy. Substantial evidence supports this decision. At the hearing, Capt. Young testified that she first met with Francisco in August of 1974 and talked with her generally about maintaining the stance only of coordinator and advisor. On December 20, 1974, Francisco and Capt. Young met again. Capt. Young, who had inadvertently learned of Francisco's continued involvement in university administrative affairs, specifically informed her that she was not to be involved in the hiring of instructors, handling of textbooks, registration of students, and organizing of courses. Although she wrote down her recollection of this meeting six months later, Capt. Young made no contemporaneous documentation of the meeting, and did not provide Francisco with written instructions.

Francisco had a different recollection of the meeting. She recalled that Capt. Young told her not to get involved in administrative affairs, but, other than allusions to textbooks and registration, did not remember Capt. Young giving specific instructions as to the kinds of activities with which she was not to become involved.

Mr. Rauber, Francisco's immediate supervisor, provided testimony that strongly corroborated Capt. Young's statement that Francisco had been instructed not 'to involve herself in university administrative affairs. He testified that he had discussed with Francisco her duties and responsibilities as area coordinator, and on numerous

1. Although the Navy was not a named defendant, it has assumed control of the litigation.

occasions had admonished her about involvement in university administration affairs. Rauber also testified that Capt. Young, prior to the removal proceedings, had told Rauber about her discussion with Francisco and that Francisco understood her responsibilities. Rauber's testimony, together with Francisco's admission that Capt. Young generally informed her not to get involved and alluded to matters of registration and textbooks, supports the conclusion of the FEAA that Francisco had received specific instructions from Capt. Young not to get involved in university affairs.

## II.

### Preferential Treatment

■ Francisco was also charged with granting preferential treatment to certain schools in violation of the Navy Code of Ethics, specifically SECNABINST 5370.-2E(4)(e), which provides: "Special treatment shall not be accorded to particular individuals or firms unless equivalent treatment is also accorded to other individuals or firms justifiably entitled thereto."

Francisco was never instructed not to give preferential treatment, but the Navy contends that she should have known the regulation existed and that she violated the regulation. Although Francisco does not genuinely dispute that she granted preferential treatment to certain schools and directed her subordinates to do likewise, she argues that she did not violate the regulation because the preferred schools were "justifiably entitled" to such treatment, and that the Appeals Examiner improperly excluded evidence justifying preferential treatment.

The regulation plainly allows a person to defend a charge of preferential treatment by showing it was justified. The Appeals Examiner was apparently under the impression that mere preferential treatment was sufficient to violate the code of ethics. His misapplication of the regulation was compounded by his prejudicial exclusion of evidence designed to show that preferential treatment was justified. Francisco sought to prove her contention that the schools she

recommended warranted special treatment by the testimony of a person who administers a similar program for the Air Force, but the Appeals Examiner excluded it as irrelevant. According to Francisco's offer of proof, the Air Force administrator would have testified that Francisco's choice of schools saved the government money and conferred additional educational benefits on the students. Because the relative costs and benefits are highly relevant criteria, the proffered evidence would have been highly probative in determining whether Francisco's preferential treatment was justified.

Because Francisco was not given a fair opportunity to prove that she had not violated the regulation, the second charge cannot be sustained.

## III.

### Disproportionality of Punishment

The district court found that, even though substantial evidence supported the first charge against Francisco, the penalty of removal was so harsh and unconscionably disproportionate to the offense as to amount to an abuse of discretion. The Navy contends that removal was within the range of punishment established by regulation and clearly justified by the nature of Francisco's offense.

■ The court's review of punishment for violations of personnel regulations is extremely limited. Nevertheless, discipline that is so harsh or disproportionate when compared with the wrongdoing amounts to an abuse of the agency's discretion. *Albert v. Chafee*, 571 F.2d 1063 (9th Cir. 1977). Such may be the case here.

The district court identified six reasons why the removal of Francisco was grossly disproportionate to her transgression: (1) her actions were motivated by her desire to benefit the servicemen and the Government, and there was no evidence she personally benefited from her actions; (2) the schools considered Francisco's assistance in the handling of certain administrative matters to be a benefit to them; (3) the Navy never informed Francisco in writing of what it required from her nor did it inform

her of the rules and regulations she was later charged to have violated; (4) the Appeals Examiner refused to admit evidence—such as the quality of job performance and her reasons for granting preferential treatment—that was necessary to explain the circumstances under which she labored; (5) it was unlikely such a harsh penalty was necessary to deter Francisco or others like her; and (6) Francisco had 23 years of unblemished and apparently distinguished public service. For these reasons, and the fact that discipline was imposed on the now erroneous premise that Francisco had committed two violations, not one, we remand this matter for a reconsideration of the imposition of proper discipline. Although Francisco's transgression was not trivial, we think that under the circumstances of this case her removal may be unduly harsh.

The judgment of the district court is affirmed in part and reversed in part.