**Joseph T. SNIPES, Petitioner,**

v.

**U. S. POSTAL SERVICE, Respondent.**

**Merit Systems Protection Board, Intervenor.**

No. 81–1453.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 6, 1982.

Decided March 24, 1982.

Rehearing Denied May 25, 1982.

John W. Alexander, Asheville, N. C. (Long, McClure, Parker & Payne, P. A., Asheville, N. C., on brief), for petitioner.

Wyneva Johnson, U. S. Postal Service (Joel S. Trosch, Asst. Gen. Counsel, Washington, D. C., Harold M. Edwards, U. S. Atty., Max O. Cogburn, Jr., Asst. U. S. Atty., Asheville, N. C., on brief), for respondent.

Before BUTZNER, WIDENER, and PHILLIPS, Circuit Judges.

PER CURIAM:

Petitioner Joseph T. Snipes seeks review of a final order of the Merit Systems Protection Board affirming his discharge from the United States Postal Service in Asheville, North Carolina.* Our review is limited to determining whether the Board's proceedings, findings, and conclusions (1) were arbitrary, capricious or otherwise unlawful; (2) adhered to required procedures; and (3) were supported by substantial evidence. 5 U.S.C. § 7703(c).

■ Snipes, a former mails foreman, was discharged for four incidents of sexual harassment or remarks made to fellow employees during working hours. Testimony about the incidents conflicted. The Board credited the complainants' testimony that the incidents occurred as charged by the Postal Service. The Board's findings are supported by substantial evidence and were not arbitrary or capricious. Snipes does not argue, nor does our review of the record reveal, that the Board's procedures were defective.

■ Relying on *Francisco v. Campbell*, 625 F.2d 266, 269 (9th Cir. 1980), Snipes argues that the Board's affirmance of an agency's sanction—not just its findings of fact and conclusions of law—must also meet the tests prescribed by § 7703(c). Even by this standard, however, Snipes' discharge was not so harsh or inappropriate as to constitute an abuse of discretion, reveal capriciousness, or to be unsupported by the serious violations disclosed by the record.

---

* *Snipes v. United States Postal Service*, docket no. AT075209206 (May 1, 1981) (one member concurred in the finding of misconduct but dissented from the penalty of discharge).

Snipes further argues that the Postal Service showed bad faith or malice in discharging him and that we should therefore apply a more strict standard of review to the Board's findings than called for by 5 U.S.C. § 7703. The record, however, does not disclose that the agency acted in bad faith or with malice.

The presiding official, who made the initial decision of the Board to affirm the Postal Service's discharge of Snipes, based his ruling on Snipes' abuse of authority as a supervisor "in his actions toward and statements to and about female employees." He made this ruling despite his factual finding that

> [t]he agency has not proven by a preponderance of the evidence that the appellant's behavior created an unpleasant working condition "evidently for some period of time" to the extent that some female employees were afraid of him and tried to avoid him and that his presence made it difficult for female employees to discharge their assigned duties conscientiously and effectively.

Relying primarily on this finding, Snipes contends that neither the Postal Service nor the Board made the affirmative showing required by 5 U.S.C. § 7513(a) that his discharge could be justified "only for such cause as will promote the efficiency of the service."

On appeal, the Board referred to this finding as one of the mitigating factors in the case. Nevertheless, it affirmed the presiding official's ruling that Snipes' discharge should be upheld because he had abused his authority as a supervisor by his conduct toward subordinate employees. The Board summarized its reasons for affirmance as follows:

> There is no question that appellant's misconduct was serious. The agency has an obligation to its employees to create and maintain a work environment free of sexual harassment. Necessarily, the agency must accomplish this important goal through its supervisors. As a result, appellant had two significant duties: 1) not to engage in sexual harassment himself; and 2) to ensure that sexual harassment did not occur among subordinate employees. By sexually harassing his subordinate employees repeatedly, appellant violated the trust the agency placed in him as a supervisor to treat his subordinates with respect and to ensure that the work place was free of sexual harassment. In addition, under certain circumstances, such behavior could constitute discrimination on the basis of sex for which the agency would be responsible.
>
> Balanced against the seriousness of appellant's misconduct is his past performance record. Appellant was employed by the Postal Service for 14½ years, and since 1971 was Foreman of the Mails. As Foreman of the Mails he received four performance related awards, the last one on December 6, 1979. He has no record of prior discipline, and a large number of employees attested to his professional dealings with them.
>
> The Board's consideration of all the factors relevant to appellant's penalty does not reveal that the presiding official erred in affirming the penalty of removal. The Board will modify an agency-imposed penalty only when it finds that the agency's judgment clearly exceeded the limits of reasonableness. In view of the nature and seriousness of appellant's offense, particularly in relation to his position as a supervisor, the Board finds that the penalty of removal in this case was reasonable. (citations omitted)

We conclude that the Board's explanation of its reasons, though not couched in the language of the statute, met the requirements of § 7513(a). In *Phillips v. Bergland*, 586 F.2d 1007 (4th Cir. 1978), we held that there must be a "vital nexus" between the employee's activities and the efficiency of the service. We also recognized: "There is, of course, some conduct with respect to which the 'nexus between the dismissed employee's activities and the efficiency of the service' is 'obvious on the face of the facts.'" 586 F.2d at 1011 (citations omitted). We mentioned insubordination among the examples of conduct facially

demonstrating prejudice to the service. The counterpart of insubordination, abuse of supervisory authority, is in its way just as inimical to the efficiency of the service. Consequently, the proof of Snipes' abuse of supervisory authority satisfies on its face the provision of § 7513(a) that discharge is permissible only when it will promote the efficiency of the service.

*AFFIRMED.*