Anthony J. PELLICANO,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 82–4173.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 1982.
Decided Nov. 8, 1982.

Richard Keith Corbin, Sacramento, Cal., for plaintiff-appellant.

Perry Anderson, Washington, D.C., for defendant-appellee.

On Appeal from the United States District Court for the Eastern District of California.

Before BROWNING, DUNIWAY and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

Pellicano appeals the district court's order granting summary judgment for the Government and upholding his discharge from employment as a sheet metal mechanic at McClellan Air Force Base in Sacramento, California. Pellicano, a preference-eligible, permanent federal employee with more than twenty-one years of career service, was discharged for falsifying his time records. Because we believe that imposition of the discharge penalty under these circumstances was arbitrary, capricious and an abuse of agency discretion, *see Toohey v. Nitze,* 429 F.2d 1332, 1334 (9th Cir. 1970), we reverse.

The pertinent facts are undisputed. Pellicano left his duty station without clocking out on four separate occasions for a total of fewer than eight hours. He used this time to visit his son at a nearby youth facility and worked extra hours on other days to make up the time that he had missed. This was Pellicano's first offense in more than twenty years of service. Nevertheless, he stands to lose his right to receive retirement pay if his discharge is upheld.

Although Air Force regulations provide that ordinarily "a progression of disciplinary measures is applied in an effort to rehabilitate an employee before it is decided to remove him," A.F.R. 40–750, the district court found that Pellicano was not offered a chance at rehabilitation prior to removal. In addition, there was evidence that other employees had merely been reprimanded for their unauthorized absences. Even the Air Force hearing examiner, at the conclusion of the only evidentiary hearing available in the administrative process, recommended that the removal penalty be commuted to a five-day suspension.

Viewing the case in this light, we hold that imposition of the discharge penalty was so "totally unwarranted" (*Brewer v.*

*United States Postal Service,* 647 F.2d 1093, 1098 (Ct.Cl.1981)) and "unconscionably disproportionate" to the complained-of conduct (*Boyce v. United States,* 211 Ct.Cl. 57, 543 F.2d 1290, 1295 (1976)) as to be arbitrary, capricious and an abuse of agency discretion. We therefore reverse the order of the district court and remand the case for a determination of Pellicano's back-pay damages not to exceed $10,000 [1] and for an award of reasonable attorney fees in accordance with 5 U.S.C. § 5596(b)(1)(A)(ii).

REVERSED and REMANDED.

---

1. Pellicano waived any recovery of damages in excess of $10,000 in order to ensure jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a)(2).