**Giovanni DEL GIZZO, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. No. 82–3057.**

United States District Court,
D. New Jersey.

May 24, 1983.

Weitzman, Brady & Weitzman by Richard P. Weitzman, Irvington, N.J., for plaintiff.

W. Hunt Dumont, U.S. Atty. by James H. Cooper, Asst. U.S. Atty., Newark, N.J., for defendant.

## MEMORANDUM

BIUNNO, Senior District Judge.

This matter came before this court on a motion by defendant U.S. Postal Service to affirm its decision removing plaintiff Del Gizzo from his position as a Postal Service Medical Officer. Upon initial review of the file, the court raised the question whether it had jurisdiction to review the decision of the Postal Service and asked the parties to address the issue see F.R.Civ.P. 12(h)(3).

■ Upon consideration of the arguments of the parties the court is of the opinion that it lacks jurisdiction in this matter and the action must be dismissed.

The inquiry into the proper procedures to be followed must begin by examining 39 U.S.C. § 410. Subsection (a) provides that "except as otherwise provided in this title .... no federal law dealing with .... employees .... including the provisions of chapters five and seven of Title 5 shall apply to the exercise of the powers of the Postal Service."

At the first blush one might conclude that § 410(a) precludes from any effect on Postal Service employees, all other federal statutes that affect public employees other than those covered by Title 39 U.S.C. However, 39 U.S.C. § 1005 specifically lists other federal statutes which *are* applicable to Postal employees.

Chapter 75 of Title 5, U.S.C. is made applicable to all employees and officers of the Postal Service through 39 U.S.C. § 1005(a)(1). The only exceptions to this are (1) those employees who belong to a collective bargaining unit that have provisions in the negotiated contract which conflict, § 1005(a)(1)(A), (see *Smith v. Daws*, 614 F.2d 1069 (CA-5, 1980); and (2) where postal rules conflict, § 1005(a)(1)(B). Since plaintiff is not a member of a collective bargaining unit, and since the Postal Service has no procedures to appeal its rulings, the exceptions do not apply to plaintiff. Thus he is subject to Title 5, Chapter 75.

When an employee such as the plaintiff is subject to agency action, 5 U.S.C. § 7513(d) provides that the employee may take an appeal to the Merit System Protection Board under 5 U.S.C. § 7701. The word "may" in this section means that the appeal is not mandatory, and plaintiff could choose another route to present his grievance if one exists. This option was eliminated by action of the President in Executive Order No. 11787. This order made the Merit System Protection Board "the sole system of appeal for an employee who is covered by that appeals system". Thus, plaintiff had no choice but to appeal an adverse action by the Postal Service to the Merit System Protection Board.

Plaintiff argues that going to the district court to review a Postal Service action is proper, citing *Burns v. U.S. Postal Service*, 380 F.Supp. 623 (S.D.N.Y.1974), *Withers v. U.S. Postal Service*, 417 F.Supp. 1 (D.C.Mo.1976). What plaintiff failed to realize is that the cases he cites all were decided before the advent of the MSPB, Pub. L. 95–454, 1978. Prior to that time the Civil Service Commission had jurisdiction over such matters. Appeals from the Civil Service Commission were filed in the District Courts while appeals from the MSPB are filed in the Courts of Appeal, 5 U.S.C. § 7703(b)(1). It appears that since the advent of the MSPB all reviews of personnel decisions within the Postal Service have gone to the Courts of Appeal (see *Brewer v. U.S. Postal Service*, 647 F.2d 1093, 227 Ct.Cl. 276 (1981); *Bonet v. U.S. Postal Service*, 661 F.2d 1071 (CA 5, 1981); *Ross v. U.S. Postal Service*, 664 F.2d 191 (CA 8, 1981); *McDonough v. U.S. Postal Service*, 666 F.2d 647 (CA 1, 1981); *Jackson v. U.S. Postal Service*, 666 F.2d 258 (CA 5, 1982); *Raicovich v. U.S. Postal Service*, 675 F.2d 417 (C.A.D.C., 1982); *Snipes v. U.S. Postal Service*, 677 F.2d 375 (CA 4, 1982).

The record in this action reveals that plaintiff had a hearing before a Postal Service hearing officer who made findings of fact which were adverse to plaintiff. These findings were reviewed in a step one appeal and sustained by the Postal Service. Plaintiff appealed this decision to the As-

sistant Postmaster General who affirmed the prior decisions, and this became the final decision of the agency. Plaintiff then filed this action without going to the MSPB.

Plaintiff also argues that 39 U.S.C. § 409(a), which grants jurisdiction in the U.S. District Courts for all actions against the Postal Service, allows him to bring this action here. But what plaintiff is actually doing in this situation is not bringing an action against the Postal Service. Plaintiff is asking for review of an administrative decision. Thus we must review the jurisdictional grant to the District Courts to see if it includes this type of review within its scope.

 When a statute grants general jurisdiction to a court it is always read in favor of not including review of administrative procedures. Rather one looks to see if Congress intended the court to review these procedures. *NAPS v. UPS*, 602 F.2d 420 (CA D.C., 1979); *Kletschka v. Driver*, 411 F.2d 436 (CA 2, 1969).

409(a) not only grants jurisdiction in the district court but also concurrent jurisdiction in the state court. To hold that 409(a) grants jurisdiction to review administrative proceedings means that state courts have the authority to rule on the internal operations of the Postal Service whenever the agency's internal rulings are challenged. This Congress could not have intended. No grant of jurisdiction has ever been given to the state courts to rule on the internal operation of a federal agency. Thus, it cannot be said the Congress intended 409(a) to grant jurisdiction to review administrative proceedings. Rather Congress set up a specific scheme for such review. That path leads from the Postal Service to the Merit System Protection Board to the Courts of Appeal.

Even if it were found that 409(a) grants jurisdiction to this court, it would still be found that the action is not properly here. It is a general principle that when an employee has required administrative procedures to follow he cannot bring suit until he has exhausted his remedies there, *McKart v. U.S.*, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969), *Barns v. Chatterton*, 515 F.2d 916 (CA 3, 1975). Since the procedure Congress established provides a path from the agency to the MSPB before judicial review and since plaintiff has not exhausted these remedies, he cannot sue here. Since as outlined above, the plaintiff must go to the MSPB, there is no jurisdiction here and this action must be dismissed.